Samuel B. **LEWIS**, Jr., Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 20133.

United States Court of Appeals
District of Columbia Circuit.

Argued April 19, 1967.

Decided July 5, 1967.

Certiorari Denied Nov. 13, 1967.

See 88 S.Ct. 350.

Mr. Sol Rosen, Washington, D. C., for appellant.

Mr. Lee A. Freeman, Jr., Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and David N. Ellenhorn, Asst. U. S. Attys., were on the brief, for appellee. Mr. Charles A. Mays, Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge:

Appellant was convicted of three offenses arising out of an attempted armed robbery. The question presented by his appeal is whether the government may compel a suspect to make a sample of his handwriting when he has no counsel pres-

ent and before he is taken to a committing magistrate.[1]

(1) One issue raised is whether the Fifth Amendment is violated by compelling a suspect to make a handwriting sample. Is a handwriting sample testimonial and communicative evidence or is it tangible, physical evidence? This distinction was utilized by Justice Holmes in 1910 when, writing for a unanimous Court, he rejected as "an extravagant extension of the 5th Amendment" a claim that an accused could not be compelled to put on a blouse alleged to belong to him in order to see if it fit him. The 5th Amendment privilege, said the Court prohibits "compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material." Holt v. United States, 218 U.S. 245, 252–253, 31 S.Ct. 2, 6, 54 L.Ed. 1021 (1910).

This was reaffirmed by the Supreme Court recently in Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), holding that the Fifth Amendment "privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature," 384 U.S. at 761, 86 S.Ct. at 1830; "compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it." 384 U.S. at 764, 86 S.Ct. at 1832 (emphasis supplied.) Without accepting all past applications of the distinction, the Court noted with apparent approval various intermediate rulings that the privilege against self-incrimination

offers no protection against compulsion to submit to fingerprinting, photo-

graphing, or measurements, *to write* or speak for *identification,* to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture. 384 U.S. at 764, 86 S.Ct. at 1832 (emphasis added).

As these cases indicate, the constitutional privilege is not designed to isolate the accused from the trial process. For instance, the presence of the accused in the courtroom to permit examination and identification by witnesses to the crime is the most obvious example of an accused being a "witness" against himself. But it is allowed because the accused's presence is not a "communication." For the same reasons, the handwriting exemplar does not fall within the privilege; written words used as a handwriting sample and not for their meaning communicate nothing about knowledge of a crime. An exemplar is relevant only for the shape and direction of some lines and marks which may identify the writer, as fingerprints and photographs do. Words can be used as physical evidence, apart from their communicative content; even if an accused were coerced to write out a full confession, random words of that confession could be used as an example of the accused's handwriting, provided of course the jury did not learn they were from a confession.

The holding in Fitzsimmons v. United States, No. 8857, 10th Cir., Jan. 25, 1967,[2] that the Fifth Amendment does cover handwriting exemplars, was based on several assumptions we regard as unsound: the first is that the subject, by writing words on a sheet of paper, "communicates" that these marks represent his handwriting and thus the exemplar is communicative evidence. By this logic,

---

**1.** Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (June 13, 1967), decided after this opinion was prepared, settles the issues here raised concerning handwriting exemplars. *Accord,* United States v. Braverman, 376 F. 2d 249 (2d Cir. 1967); *contra,* Fitzsimmons v. United States (10th Cir. No. 8857, decided January 25, 1967), discussed *infra,* p. 818 and note 2.

**2.** The Fitzsimmons opinion was withdrawn by the Tenth Circuit after this opinion

was issued and after the Supreme Court decision in Gilbert, supra note 1. At the same time the Tenth Circuit issued an order affirming Fitzsimmons without opinion, Fitzsimmons v. United States, aff'd by order, 10th Cir. No. 8857, July 12, 1967. While the original opinion is available only in slip form and will not be reported, we discuss it because of its relevance to the problem presented in this case.

however, the defendant in *Holt* who put on the blouse "communicated" that the blouse might be his because it fit him. This is not communication within the meaning of the Fifth Amendment. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert, supra* note 1, at p. 818. The second premise behind *Fitzsimmons* is that it is significant for Fifth Amendment purposes that the exemplar was not evidence until created by some conscious and affirmative exercise of the Appellant's will, *i. e.,* the movement of the pen, unlike the blood in *Schmerber*. It may be that obtaining it by force would probably nullify the validity of a handwriting sample. But evidence is not communicative simply because it is the end product of an exercise of will by a suspect. The constitutional privilege does not protect a man from being compelled to exercise his motor functions to stand up, sit down, walk, speak or submit to photographing or fingerprinting if they disclose nothing about his knowledge. *See* People v. Ellis, Cal., 55 Cal.Rptr. 385, 421 P.2d 393 (1966) (voice identification). The act of writing designated words for comparison does not communicate anything about Appellant's knowledge; it creates tangible evidence, to be sure, but if neither the resultant evidence nor the act of creating it is communicative, we see no reason why it should make any difference that Appellant had to act.

(2) Appellant's claim that the taking of the exemplar in the absence of counsel violated his Sixth Amendment right is equally without merit. *Gilbert, supra* note 1, at 818. Not only is the taking of the exemplars not at a critical stage of the proceedings entitling an accused to the assistance of counsel, but Appellant has pointed to no function counsel could perform, were he present, save the futile advice not to give the sample; there is thus no right to counsel which is violated by taking an exemplar in the absence of counsel. Compare United States v. Serao, 367 F.2d 347, 350 (2d Cir. (1966), (petition for cert. pending #869); Kennedy v. United States, 122 U.S.App.D.C. 291, 295, 353 F.2d 462, 466

(1965); *see* Schmerber v. State of California, *supra,* 384 U.S. at 765–766, 86 S. Ct. 1826.

(3) Appellant also argues that a violation of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957), renders the exemplar inadmissible. Even if we were to assume there was an unreasonable delay before Appellant was taken before a magistrate, there would be no *Mallory* violation. FED.R. CRIM.P. 5(a) and (b) require that a suspect be taken to a magistrate and advised of his right to an attorney and to silence. But Rule 5 says nothing about a magistrate's warning a suspect of a right not to make a handwriting sample, and it is clear, of course, that no such right exists. Routine procedures, such as taking photographs, fingerprints, or handwriting exemplars of lawfully arrested suspects, invade no conceivable right that the *Mallory* rule was designed to protect. Failure to take Appellant to be judicially warned of his rights, therefore, did not contribute to Appellant's making the exemplar. *Mallory* has no application. *E. g.,* Payne v. United States, 111 U.S.App. D.C. 94, 294 F.2d 723, cert denied, 368 U.S. 883, 82 S.Ct. 131, 7 L.Ed.2d 83 (1961).

Appellant apparently cites Bynum v. United States, 104 U.S.App.D.C. 368, 262 F.2d 465, 466 (1958), for the proposition that *Mallory* applies. But the fingerprints were ruled inadmissible in *Bynum* because they were the fruit of an illegal arrest, not because *Mallory* was thought to apply to such "real" evidence. Moreover, to the extent that *Bynum* suggests that a conviction must be reversed because the prosecution used illegally obtained evidence even though the same evidence could have been legally obtained after the violation, it has been questioned. *See* Kennedy v. United States, *supra,* 122 U.S.App.D.C. at 292, n. 3, 353 F.2d at 463, n. 3. Appellant's writing could have been compelled on pain of contempt at any stage after he was before the Court.

We have considered Appellant's other claims and find them without merit.

Affirmed.