**UNITED STATES of America**

v.

**John DOE.**

**In the Matter of the Contempt of Edmund J. DEVLIN, a Witness.**

**Civ. No. 12864.**

United States District Court
D. Connecticut.

Nov. 21, 1968.

John Cassidento, Asst. U. S. Atty., New Haven, Conn., for the United States.

Ira B. Grudberg, of Jacobs, Jacobs, Grudberg & Clifford, New Haven, Conn., for witness Devlin.

ORDER ADJUDGING WITNESS EDMUND J. DEVLIN IN CIVIL CONTEMPT OF COURT AND JUDGMENT COMMITTING SAID WITNESS FOR SUCH CONTEMPT *

TIMBERS, Chief Judge.

A duly constituted grand jury having commenced an investigation into certain federal violations involving stolen money orders; and

The witness Edmund J. Devlin having appeared before the grand jury on November 18, 1968 pursuant to a subpoena served upon him by a deputy United States Marshal on November 12, 1968; and

The witness Devlin having refused to comply with the direction of the foreman of the grand jury that he furnish certain handwriting exemplars to the grand jury on the grounds that to do so would violate privileges and rights guaranteed him under the Fifth and Sixth Amendments to the United States Constitution; and

The witness Devlin, with counsel of his own choosing, having been brought before the undersigned on November 18, 1968 for a determination as to the validity of his constitutional claims; and

By stipulation of the parties the adjudication having been continued until November 21, 1968, at which time the undersigned heard argument of counsel, the witness being present; and

 The undersigned having concluded in light of Gilbert v. California, 388 U.S. 263 (1967); United States v. Wade, 388 U.S. 218 (1967); United States v. Lewis, 382 F.2d 817 (D.C.Cir.), cert. denied, 389 U.S. 962 (1967); United States v. Braverman, 376 F.2d 249 (2 Cir.), cert. denied, 389 U.S. 885 (1967), and after consideration of unreported proceedings before other District Judges in this Circuit (memorandum of the Honorable Inzer B. Wyatt (re Margaret Braun), S.D. N.Y. January 8, 1968; transcript of proceedings before the Honorable William B. Herlands (re John Horan and Donald LaMort), S.D.N.Y. September 13, 1968; and transcript of proceedings before the Honorable Robert C. Zampano (re Raymond and Carol Tiernan), D.Conn. September 18, 1968) that judicially enforced compliance with the foreman's directive, in whole or in part, would not violate the Fifth Amendment's privilege against self-incrimination, the Fifth Amendment's guarantee of due process of law,

* District Court's order affirmed by the Court of Appeals on December 9, 1968. United States v. John Doe (Edmund J. Devlin), 405 F.2d 436 (2 Cir. 1968), slip opinion 489.

or the Sixth Amendment's guarantee of the right to counsel; and

On the basis of the above conclusion, the undersigned, in the presence of the witness and his counsel, having ordered the witness to comply with the directive of the foreman of the grand jury, and, having advised the witness that if he persisted in refusing to furnish the required handwriting exemplars he would be running the risk of being held in civil contempt, and having specifically advised the witness that if he were held in civil contempt the undersigned might impose upon him a sentence of imprisonment; and

The witness, first having stipulated through counsel that he waived the requirement of the presence of the grand jury, having refused to comply with the order of the undersigned to furnish the required handwriting exemplars; and

██ The undersigned, pursuant to the directive of Shillitani v. United States, 384 U.S. 364 (1966) (see United States v. Pace, 371 F.2d 810 (2 Cir. 1967)), that criminal sanctions should not be resorted to absent a determination that civil remedies are inappropriate, having held the witness Devlin to be in civil contempt of Court; it is therefore

ORDERED AND ADJUDGED as follows:

(1) That Edmund J. Devlin is guilty of civil contempt of Court.

(2) That said Edmund J. Devlin is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for thirty (30) days, or until such time as he purges himself of this contempt by furnishing the required handwriting exemplars, or until such time as the grand jury before which he ap-

peared is discharged, whichever is earlier.

(3) That the Clerk shall deliver a certified copy of this order and judgment of commitment to the United States Marshal or other qualified officer and such copy shall serve as the commitment of said Edmund J. Devlin.

(4) That execution of the sentence of imprisonment imposed in paragraph (2) above is stayed until Monday, December 2, 1968 [1], at 4 P.M., to permit the said Edmund J. Devlin, if he is so advised, to appeal this order and judgment to the United States Court of Appeals for the Second Circuit and to apply to that Court for a further stay pending appeal.

---

1. This extension modifies the oral order of the Court in which a stay of execution of sentence was granted until Tuesday, November 26, 1968. It has been brought to the attention of the Court that the Court of Appeals will not be in session during the week of November 25–29, 1968. For this reason, and on the representation by counsel for the witness Devlin that immediate compliance with the Court's order will follow if such order is affirmed by the Court of Appeals, the stay of execution will be extended while at the same time the other conditions of sentence remain in effect.