John J. Walsh, J.
The question presented here involves the right of the prosecution to compel defendants, under the compulsion of contempt, to furnish samples of their handwriting for comparison with certain signatures on affidavits submitted to the Appellate Division.
Each of the defendants has been indicted by a Grand Jury of a violation of section 215.40 of the Penal Law which is entitled: Tampering with physical evidence. In substance, it is claimed that each with intent that it be used or introduced in an official proceeding or a prospective official proceeding, he knowingly makes, devises or prepares false physical evidence, in this case, affidavits.
Since we are unable to find New York State cases on this subject, it will be necessary to review the few Federal and State court decisions available at this time.
The subject of handwriting exemplars appears to have found new life beginning with the Supreme Court cases of Schmerber *703 v. California (384 U. S. 757) and Gilbert v. California (388 U. S. 263). Schmerber seemed to cite with approval various State and Federal cases affirming the constitutionality of fingerprinting, photographing, speaking or writing for identification.
Although a few earlier cases had sought to distinguish between fingerprinting, photographing and other physical observation of a defendant and requiring a defendant to speak or write on the ground that the former required mere passive co-operation whereas the latter required an active co-operation, in the case of Gilbert {supra) the Supreme Court ruled that to require a handwriting exemplar did not impair a defendant’s privilege against self incrimination.
That Gilbert seemed to legitimatize the taking of handwriting exemplars has been assumed by the courts which have since considered the matter. (State v. Johnson, 155 N.W. 2d 512 [Iowa]; Smith v. State of Oklahoma, 462 Pac. 2d 328; United States ex rel. Harris v. Hendrick, 300 F. Supp. 554 [U. S. Dist. Ct., E.D. Pa.]; United States v. Vignera, 307 F. Supp. 136 [U. S. Dist. Ct., S. D. N. Y.]; United States v. Bandy, 421 F. 2d 646 [C.A. 8th].)
In Lewis v. United States (382 F. 2d 817, cert. den. 389 U. S. 962) the question was whether the Government could compel a suspect to make a sample of his handwriting when no counsel was present and before he was taken before a committee Magistrate. Justice Burger (now Chief Justice), writing for the court held that there was no violation of either the Fifth or Sixth Amendments and that the appellant’s writing could have been compelled at any stage after he was before the court.
In United States v. Doe (405 F. 2d 436) the defendant was held in contempt for failure to produce exemplars before a Grand Jury. (See 295 F. Supp. 956.) On appeal, the court indicated that holding the defendant in contempt while the Grand Jury was in session was not excessive and in any event, the defendant would be subject to further court order after any indictment was returned.
In United States v. Izzi (427 F. 2d 293) -the United States Court of Appeals, Second Circuit, gave further meaning to the right of the prosecution to compel the furnishing of handwriting exemplars. In that case, the defendant in furnishing the exemplars, apparently wrote differently than his normal handwriting. The Government attempted to explain the difference between the exemplars and the signature sought to be identified. The court indicated that if Gilbert v. California (supra), *704 should be allowed to explain the differences between the exemplar and the writing sought to be proved. Judge Kaufmab-, writing for the court indicated that compulsion of an exemplar is compulsion of a normal signature and no question was raised as to the right of the prosecution to compel furnishing of the exemplars.
The defendants’ contention that the prosecution is premature in asking for the exemplars until the time to make motions addressed to the sufficiency of the indictment has expired is answered by the Federal cases. As long as the defendant is before the court and the only 'compulsion consists of a possible citation for contempt of a court order is involved, the procedure appears to be authorized.
It is obvious that such prerequisites are necessary to prevent any abuse of due process by law enforcement agencies such as the use of force to obtain an exemplar or the harassment of private citizens.
In Matter of Mackell v. Palmero (59 Misc 2d 760) Justice Shapiro in Queens County pointed out that while he had authority to order that a defendant in some criminal action in that county to be shaved of his beard and that he be placed clean-shaven, in a lineup for identification purposes, the court had no authority to so order merely because the prosecution suspected him of having committed some crime.
The recent decision of the Supreme Court of the United States in Davis v. Mississippi (394 U. S. 721) is distinguishable. In that case, fingerprints taken from a youth at police headquarters at a time when concededly there was neither a warrant nor probable cause for his arrest were ruled to have been taken in violation of his constitutional rights and a conviction based upon the comparison of those fingerprints with fingerprints taken from a window of the place where the rape occurred ivas held to be reversible error when received in evidence at the trial.
That decision would appear to involve the application of the Fourth Amendment relative to search and seizure and the power of the courts to exclude evidence obtained in violation thereof.
The motion of the District Attorney is granted and each defendant is directed to furnish the handwriting exemplars in the form requested by him.
In view of the fact that the taking of such exemplars may become the subject of cross-examination upon the trial, the defendants are entitled to have their counsel present at such time.