**Application of Yvonne JOHNPOLL, for an Order Quashing the Grand Jury Subpoena dated Nov. 3, 1971.**

**No. M11–188.**

United States District Court,
S. D. New York.

Dec. 2, 1971.

**52**

◆

Charles Sutton, Brooklyn, N. Y., for petitioner.

Whitney North Seymour, Jr., U. S. Atty., for the United States by Henry Putzel, III, New York City, of counsel.

GURFEIN, District Judge.

On November 3, 1971 a Grand Jury subpoena was served on the witness, Yvonne Johnpoll, for her appearance on November 5, the return date being subsequently adjourned. The witness moves to quash the subpoena.

The motion is supported only by an affidavit of her counsel, Charles Sutton, Esq. In the affidavit Mr. Sutton recites that an FBI agent had requested the petitioner to come to the office of the United States Attorney "for the purpose of the FBI obtaining her handwriting exemplars." On advice of counsel she

refused the request and was, thereupon, served with the Grand Jury subpoena.

The petitioner contends that the purpose of the Grand Jury subpoena is to obtain physical evidence in the form of handwriting exemplars in violation of petitioner's Fourth Amendment rights because there is no probable cause shown such as would validate a search warrant for physical evidence.

The petitioner also moves to quash the subpoena on the ground that her Fifth Amendment rights would be violated by her appearance before the Grand Jury, because it is claimed that it "plainly appears" she is a target of the Grand Jury inquiry.*

The United States Attorney concedes that the Grand Jury is currently investigating certain alleged violations of the Federal wire fraud statute, 18 U.S.C. § 1343. The Government does not contest that the petitioner will be directed to furnish the Grand Jury with handwriting exemplars. The Government has also refused to specify whether or not she is a potential subject of the investigation.

The Fifth Amendment claim is foreclosed by precedent. It is settled that even a potential target of an investigation may be called before the Grand Jury, although he may, of course, there assert his constitutional privilege against self-incrimination. United States v. Corallo, 413 F.2d 1306, 1328 (2 Cir.), cert. denied, 396 U.S. 958, 963, 90 S.Ct. 431, 24 L.Ed.2d 422 (1969) ; United States v. Capaldo, 402 F.2d 821 (2 Cir. 1968), cert. denied, 394 U.S. 989, 89 S.Ct. 1476, 22 L.Ed.2d 764 (1969) ;

---

* The affidavit charges : "11. The grand jury subpoena alleges that the grand jury is investigating an alleged violation of 18 U.S.C. Section 1343. That section concerns use of the mails, telephone, radio, or television to defraud. Based upon information heretofore obtained from Mr. Kenneth Neu, the F.B.I. is investigating an alleged attempt to perpetrate a check fraud. The demand by the F.B.I. for handwriting exemplars from the petitioner is clear proof that the petitioner is a target of the grand jury. The very appearance of the petitioner before the grand jury would violate petitioner's Fifth Amendment rights."

United States v. Winter, 348 F.2d 204, 207–208 (2 Cir.), cert. denied, 382 U.S. 955, 86 S.Ct. 429, 15 L.Ed.2d 360 (1965). The petitioner must, therefore, appear and claim her privilege before the Grand Jury.

█ With regard to the petitioner's objection premised on the Government's concession that it intends to ask for a handwriting exemplar, the matter is not ripe for decision. The Supreme Court in Gilbert v. California, 388 U.S. 263, 265–267, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) clearly held that a person may be compelled to furnish a handwriting exemplar, even without the presence of counsel, upon the ground that this does not amount to a testimonial communication. The petitioner strongly urges that *Gilbert* only covered the Fifth Amendment point involving the claim of testimonial compulsion and that no issue was there tendered under the Fourth Amendment right to be free of unreasonable searches and seizures. That may be true, but the subpoena in the petition at bar calls for the production of no physical evidence. It merely summons the appearance of the petitioner before the Grand Jury. It would be a disservice to the petitioner if the Court should rule against her in advance of the happening, for her later refusal to furnish the handwriting exemplar might mark her refusal as wilful and contumacious. She is entitled to raise the Fourth Amendment claim if and when she is asked to write such a sample. Her refusal will then either be upheld or ruled to be wrong. To convert something that is wrong into something that is wrongful would then require that an opportunity be given to the petitioner to correct her hypothetically mistaken view of the Fourth Amendment or suffer the process of contempt sanctioned in United States v. Doe (Devlin), 405 F.2d 436 (2 Cir. 1968).

The claim under the Fourth Amendment should, therefore, await the event.

The motion to quash the Grand Jury subpoena is denied. No stay will issue.

So ordered.