**In re CANDOR DIAMOND CORP., Debtor.**

**In re Irwin MARGOLIES, Debtor.**

**Bankruptcy Nos. 81 B 11594 (EJR), 81 B 12103 (EJR).**

United States Bankruptcy Court, S. D. New York.

June 11, 1982.

Hahn & Hessen, New York City, for John P. Maguire & Co., Inc.

Norman C. Schwartz, Henry Oestreicher, New York City, for Irwin Margolies.

Stroock & Stroock & Lavan, New York City, for Daniel McColley, trustee in bankruptcy.

## DECISION ON HANDWRITING EXEMPLAR

EDWARD J. RYAN, Bankruptcy Judge.

On March 21, 1980, Candor Diamond Corp. ("Candor"), a corporation in the business of selling and manufacturing gold jewelry and diamonds, entered into a factoring agreement with John P. Maguire & Co., Inc. ("Maguire"). Irwin Margolies ("Margolies") and his wife, Madeleine, executed these agreements as officers of Candor. These agreements provided, *inter alia*, for the purchase by Maguire of Candor's accounts receivable and for Maguire to advance monies to Candor in anticipation of collection of the purchased accounts receivable. As security for the advances, Maguire was given a security interest in Candor's accounts receivable and inventory.

On August 10, 1981, Maguire commenced involuntary proceedings pursuant to Title 11, United States Code, Chapter 7, Section 303, in this Court against Candor. Candor by its attorney, consented to the involuntary petition and an Interim Trustee was appointed.

Contemporaneous with the bankruptcy filing, the Federal Bureau of Investigation was notified and the Office of the United States Attorney for the Southern District of New York commenced an investigation as to the activities and whereabouts of Irwin Margolies and Madeleine Margolies. Irwin Margolies has known since at least the early Fall of 1981 that he was the target of an investigation by the federal authorities.

In the context of a Bankruptcy Rule 205 examination, Margolies refused a request for a handwriting exemplar, claiming Fifth Amendment privilege. The court directed counsel for Margolies to submit a memorandum of law supporting his position and thereafter counsel for Maguire to submit a reply memorandum of law.

Although there is no dispute that Margolies and his activities at Candor have

been the subject of investigations by the Federal Bureau of Investigation and the Office of the United States Attorney for the Southern District of New York since August 1981, the possibility of criminal prosecution does not justify Margolies' refusal to provide Maguire with a handwriting exemplar in the present bankruptcy proceeding.

In the landmark case, *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 10 L.Ed.2d 1178 (1967) (*"Gilbert"*), the Supreme Court held that the taking of a handwriting exemplar would not violate a person's Fifth Amendment privilege against self-incrimination. The privilege applies only to testimonial communications; it does not prohibit the compelled production of other kinds of incriminating evidence.

Thus, the Supreme Court has declined to extend the protection of the privilege to such non-testimonial communications as blood samples,[1] voice exemplars,[2] and wearing apparel,[3] even though they may tend to show guilt. As stated in *Gilbert*,

"One's voice and handwriting are, of course, means of communication. It by no means follows, however, that every compulsion of an accused to use his voice or write compels a communication within the cover of privilege. A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection." 388 U.S. at 266–67, 87 S.Ct. at 1953.

■ Furthermore, a person's Fifth Amendment privilege is not violated when he is asked to provide a handwriting or voice exemplar containing the names or words that have been used in the commission of a crime.[4] Such request merely requires the witness to use his voice or handwriting as an identifying physical characteristic, not speak his guilt.

Margolies is, therefore, directed to provide the previously requested handwriting exemplar.

Settle an appropriate order.

---

1. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

2. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

3. *Holt v. United States*, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021 (1910).

4. *United States v. Wade, supra*, 388 U.S. at 222–23, 87 S.Ct. at 1929–30; *United States v. Doe* (Devlin), 405 F.2d 436 (2d Cir. 1968).