UNITED STATES of America, Appellee,

v.

Doris RICHARDSON, Appellant.

No. 84–1762.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1985.

Decided Feb. 27, 1985.

Mary Beth Gardner, Kansas City, Mo., for appellant.

Linda L. Sybrant, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

PER CURIAM.

Doris Richardson appeals from her conviction of stealing and converting a United States Treasury check in violation of 18 U.S.C. § 641 (1982). She raises three issues on appeal. First, she contends that her fourth and fifth amendment rights were violated when she was compelled, pursuant to a grand jury subpoena, to provide handwriting exemplars. She attempts to distinguish *United States v. Mara,* 410 U.S. 19, 21, 93 S.Ct. 774, 775, 35 L.Ed.2d 99 (1973) (production of handwriting exemplars before grand jury is not a "seizure" within the meaning of the fourth amendment); *United States v. Dionisio,* 410 U.S. 1, 15, 17, 93 S.Ct. 764, 772, 773, 35 L.Ed.2d 67 (1973) (grand jury may obtain evidence without first establishing probable cause) and *Gilbert v. California,* 388 U.S. 263, 266–67, 87 S.Ct. 1951, 1953–54, 18 L.Ed.2d 1178 (1967) (compelling the production of handwriting samples for purposes of identification does not violate one's fifth amendment privilege against self-incrimination) by arguing that these cases are inapplicable because she was required to write a portion of the exemplars in a backward slant, unlike her natural handwriting. After carefully reviewing the arguments of

**686**

the parties and the relevant case law, we reject Richardson's argument on the basis of Judge Oliver's opinion below.

■ Richardson's second argument is that she cannot be convicted of violating 18 U.S.C. § 641 because a United States Treasury check is not a "thing of value" within the meaning of that statute. We reject this argument on the basis of Judge Oliver's opinion below.

■ Finally, Richardson contends that the evidence is insufficient to support the verdict. We disagree. The evidence adduced at trial reveals ample evidence to support the verdict. At the time the check was stolen from the home of Gerald and Barbara Dye, Richardson was a real estate agent for a firm which the Dyes had hired to sell their home and she had access to a key to the Dyes' home. Richardson's fingerprints were found on the stolen check and a stolen deposit slip used to cash the check. A handwriting expert testified that, based on comparisons with the handwriting exemplars which Richardson produced for the grand jury, Richardson "probably" signed "Barbara Dye" on the stolen check and "Barbara L. Dye" on the stolen deposit slip, and "there was some evidence" that she signed "Gerald Dye" on the check. Finally, during the period of time that the stolen check was cashed and $400 in cash taken, exactly $400 in cash was deposited in Richardson's account. The jury could properly have concluded from this evidence that there was no reasonable doubt that Richardson had stolen and converted the check.

Affirmed. *See* 8th Cir.R. 14.