**UNITED STATES of America, Plaintiff,**

v.

**Wesley L. SUMPTER, Defendant.**

**No. CR90–0–20.**

United States District Court,
D. Nebraska.

Sept. 21, 1990.

MEMORANDUM AND ORDER ON MOTION TO SUPPRESS EVIDENCE DISCLOSED IN VIOLATION OF 26 U.S.C. § 6103

URBOM, District Judge.

In view of the evidentiary hearing's having allayed the concerns I expressed in my memorandum of May 25, 1990, filing 26,

IT IS ORDERED that the motion to suppress evidence disclosed in violation of 26 U.S.C. § 6103, filing 22, is denied.

REPORT AND RECOMMENDATION

Filed Aug. 30, 1990.

DAVID L. PIESTER, United States Magistrate.

Pursuant to the court's order of June 5, 1990 an evidentiary hearing was scheduled on the defendant's motion to suppress, filing 22, 133 F.R.D. 580. At that hearing no evidence was adduced, however, and the court heard the statements and arguments of counsel. Following that discussion, the court ordered that the plaintiff confer with its foundational witnesses, providing them independent counsel if necessary, and file a showing as to whether they would be willing to testify concerning the documents at issue in the motion to suppress, in light of the possible penalties, should it be determined that their disclosure of information violated 26 U.S.C. § 6103. Defendant was given an opportunity to challenge such showing. On July 26, 1990 the government filed its statement of counsel, to the effect that the "applicable foundational witness" has conferred with independent counsel and has advised the government's counsel that he or she will testify "voluntarily and completely" in this case. (See filing 30). No challenge to that showing has been filed by the defendant. It therefore appears that the court's concerns regarding whether the government would be able to put forth sufficient foundational testimony, in light of the provisions of 26 U.S.C. § 6103, have been adequately addressed, insofar as that is possible prior to trial.

IT THEREFORE HEREBY IS RECOMMENDED, pursuant to 28 U.S.C. § 636(b)(1)(B), that the defendant's motion to suppress, filing 22, be denied.

The defendant is hereby notified that unless objection is made within ten days after being served with a copy of this recommendation, he may be held to have waived any right he may have to appeal the court's order adopting this recommendation.

Dated August 30, 1990.