## UNITED STATES v. GRIFFITH AMUSEMENT CO. et al.

### No. 172.

District Court, W. D. Oklahoma.

April 4, 1940.

230

Charles E. Dierker, U. S. Dist. Atty., of Oklahoma City, Okl., for plaintiff.

Ames, Cochran, Monnet, Hayes & Ames, Keaton, Wells & Johnston, Everest, McKenzie & Gibbens, J. B. Dudley, and Henry S. Griffing, all of Oklahoma City, Okl., and L. M. Rice, of Dallas, Tex., for defendants.

VAUGHT, District Judge.

The plaintiff brings this action against four exhibitors and ten distributors of motion picture films under the Sherman Anti-Trust Act, 15 U.S.C.A. § 1 et seq., alleging that for the past five years the defendant exhibitors have continuously combined with each other and with each of the defendant distributors and that said distributors have combined with each other and with said exhibitors over the same period to unreasonably restrain interstate trade and commerce in motion picture films and to monopolize and attempt to monopolize the first and second run exhibition of feature pictures and the operation of first and second run theatres in the Griffith towns in violation of Sections 1 and 2 of the Sherman Act.

The first nineteen paragraphs of the complaint set out with particularity, the names of the defendants, the principal place of business of each, the business in which each is engaged, the towns in which the exhibitors operate theatres and the character of business conducted by each. In paragraphs twenty to twenty-eight, inclusive, the plaintiff defines certain terms used in the complaint. In paragraphs twenty-nine to thirty-eight, inclusive, the complaint more particularly states the business involved in this action, which statements are more of a descriptive nature than allegations of acts of the defendants. In paragraphs thirty-nine to fifty, inclusive, the plaintiff, in a very general manner, alleges "that the defendant exhibitors have continuously combined with each other and with each of the defendant distributors to unreasonably restrain interstate trade and commerce in motion picture films and to monopolize and attempt to monopolize the first and second run exhibition of feature run pictures and the operation of first and second run theatres in the Griffith towns in violation of Sections 1 and 2 of the Sherman Act in the following manner. Then follows allegations with respect to the manner in which these combinations were made and carried into effect. But these allegations are of a general nature and the violations alleged are more conclusions of the pleader than statements of fact.

The defendants, under specific groups, have filed their motions for bills of particulars and have asked specifically that the plaintiff be required to set out the time and the place that these conspiracies and combinations were made and the substance of the combinations, detailing what each of the defendants did that would bring the respective defendants into the conspiracy and combination.

It is the contention of the plaintiff that all of the facts sought by the bills of particulars can be had upon discovery procedure after the issues are made up.

There is a wide distinction between a bill of particulars under the rules of civil procedure as adopted in 1938 and a bill of particulars as contained under the old equity rules. A bill of particulars, under the rules of civil procedure, is in effect identical with a "more definite statement" and Rule 12(e), 28 U.S.C.A. following section 723c, provides that within twenty days after service of the pleading "a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial. The motion shall point out the defects complained of and the details desired." This rule has to do with the pleadings alone, and the purpose of the bill of particulars is to make the petition sufficiently definite to enable a defendant to know what he or it is alleged to have done. It is no defense, therefore, to a motion for a bill of particulars to say that the information which the defendants seek is within their knowledge. A demurrer or a motion to dismiss might be good as against a complaint and whether or not a complaint states a cause of action is to be determined by its contents and not by what the defendants may know. The complaint is the basis of the action and from it the court must determine whether or not a cause or causes of action are actually stated,

Under Rule 34 provision is made for discovery, but Rule 34 has nothing to do with the pleadings. It is a provision to enable either party to secure certain evidence which may be necessary in the trial of the cause. Adequate preparation for trial and preparation of a complaint, which would withstand a demurrer or a motion to dismiss, are two wholly separate and distinct proceedings.

The plaintiff alleges that these various defendants, consisting of the leading motion picture film distributors of the nation and the smaller group of exhibitors in Oklahoma and adjoining states, have conspired and entered into combinations in violation of the Sherman Act.

A conspiracy or combination cannot be alleged merely in the terms of the statute. In other words, it is not sufficient to allege that these defendants entered into a combination or conspiracy. A recognized definition, by the courts, of conspiracy is: "The combination of two or more persons by concerted action to accomplish a criminal or unlawful purpose or some purpose not in itself criminal or unlawful by criminal or unlawful means." There must be an agreement of some character before there can be a conspiracy. This agreement need not be in writing. It need not be at a meeting attended by all of the alleged conspirators, but there must be express agreements or circumstances which would justify the court in reaching the conclusion that a combination had been formed. There must be alleged certain acts of each of the alleged conspirators which would connect him or it with the conspiracy, and after the conspiracy has once been shown to exist, the overt act of anyone of the alleged conspirators would be binding upon all. Each of the defendants, therefore, has a right to know what he or it is alleged to have done which made him or it a part of the conspiracy and these acts should be alleged with sufficient definiteness, not only to enable the defendant to meet the charge with proof at the time of trial, but to prepare his or its answer to the complaint.

Under the rules of civil procedure, complaints are required to be concise, direct and consistent, and each averment of a pleading should be simple, concise and direct. Yet nowhere in the rules is it suggested that a complaint should not contain a sufficient allegation of fact to enable the court to determine whether a cause of action is stated.

This complaint attempts to cover negotiations, transactions and dealings between these exhibitors and distributors and between and among each other, over a period of five years, and the sale, distribution and exhibition of motion picture films in probably one hundred theatres scattered

through Oklahoma, Texas and New Mexico.

It alleges that there were certain agreements between distributors and exhibitors, between exhibitors, and between distributors. It does not allege that all of the distributors entered into agreements with these specific exhibitors, nor does it allege that all of the exhibitors entered into these agreements with all of the distributors.

The motions for bills of particulars ask that the time and place be named where these combinations were formed and that the complaint state the specific exhibitor and specific distributor who participated in the formation of any particular conspiracy.

It is admitted that these are blanket allegations. They cover a wide territory, many theatres, many different films, and many exhibitors and distributors. The plaintiff objects to the bills of particulars for the reason that it would make the pleadings too voluminous and, furthermore, that many of the facts will have to be developed by discovery before the plaintiff can state who participated in the various agreements or what part anyone had in the formation of the combinations or conspiracies.

This may be true and it is evident that the pleadings will be very voluminous. However, the plans and specifications for this structure were selected by the plaintiff and if it brought an action which, under the rules of civil procedure and under the federal statutes, necessitates voluminous pleadings, the defendants are not chargeable therewith.

In the various motions for bills of particulars, many of the requests for details are repetitions and those matters can be covered by a general allegation which need not be repeated.

The various motions for bills of particulars, with reference to the first thirty-five paragraphs of the complaint, are overruled and an exception is allowed the respective defendants. The motions, with reference to paragraphs thirty-six to fifty, inclusive, are sustained and an exception is allowed in each case to the plaintiff.

The plaintiff will be allowed sixty days in which to file an amended complaint and the defendants will be allowed thirty days thereafter to plead further.