**UNITED STATES v. LONG et al.**

Cr. No. 7124.

United States District Court
D. Puerto Rico,
San Juan Division.

Sept. 30, 1953.

Pascual Amado Rivera, Acting U. S. Atty., Ruben Rodriguez Antongiorgi, Asst. U. S. Atty., San Juan, Puerto Rico, Isaiah Matlack, Thomas A. Pace, Spec. Assts. to Atty. Gen., Washington, D. C., for plaintiff.

B. F. Sanchez, William G. Grant, J. C. Long, Arthur Rittenberg, San Juan, Puerto Rico, for defendant Long.

Marcelino Romany, James R. Beverley, San Juan, Puerto Rico, for defendant Carpenter.

RUIZ–NAZARIO, District Judge.

Defendant Leonard D. Long filed a motion supported by affidavit, under Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., requesting the Court to order the United States Attorney for the district to produce for inspection, copying and photographing all documents, books, papers, statements, photographs and objects obtained by the government from or belonging to said defendant or obtained by the government from others by seizure or process, alleged to be in the possession of said United States Attorney and alleged to constitute or contain evidence relevant and material to the defense of this action.

A like motion under the same rule 16 was filed by defendant Frederick D'A. Carpenter.

Defendant Long also filed a motion under rule 17(c) of said Rules and had the clerk issue a subpoena addressed to the United States Attorney commanding him to appear before this court on July 1, 1953 at 9:30 A.M. and at such time thereafter as this case be set for *trial*, and to bring with him and produce for inspection certain documents and papers mentioned in said motion and subpoena.

A similar motion under the same Rule 17(c), though calling for some more additional documents, papers and information, was filed, and a subpoena issued thereunder by the clerk at the request of Frederick D'A. Carpenter.

The United States moved to quash both of these subpoenas.

The motions of the defendants under Rule 16, as well as the motions of the United States to quash the subpoenas issued at the request of the defendants under Rule 17(c), came up for hearing on September 11, 1953 at 9:30 o'clock in the morning.

At said hearing the acting United States Attorney produced an affidavit signed and sworn to by himself stating that "he does not have in his possession or control any documents, books, papers, statements photographs, or other objects referred to in the motions for discovery and inspection filed by the defendants under Rule 16, obtained from or belonging to either of the defendants or obtained from others by seizure or by process."

Neither one of the defendants having produced at said hearing or in any way offered to produce at any time thereafter, counteraffidavits or any other evidence to contradict the aforesaid affidavit of the Acting United States Attorney, and said affidavit being an absolute justification for the denial of the motions of both defendants under Rule 16, these were ordered overruled by the Court, from the bench at said hearing.

As to the other two motions and subpoenas under Rule 17(c), and the gov-

ernment's motions to quash said subpoenas, counsel for the government raised at said hearing the preliminary question that said motions and subpoenas are premature, inasmuch as these are designed for the protection of the rights of the defendants during the course of their preparation for the trial and must be filed and entertained only in that stage of the proceedings when the case is ready or has been already set for trial, and after all motions addressed against the indictments have been presented and disposed of and there is a certainty that the case will proceed to the trial of definite charges or counts.

This being a question which must be determined before entering into the merits of said motions the Court requested the parties to submit briefs thereon, which they have already done.

█ After due consideration of the pleadings and the briefs on said question and the law applicable thereto, the Court is of the opinion that the government's objection is well founded.

Defendants have conceded their inability to cite a single case squarely supporting their contention that these motions and subpoenas or the disposition thereof at this stage of the proceedings is not premature.

The government has cited two cases, United States v. Iozia, D.C., 13 F.R.D. 335 and United States v. Hiss, D.C., 9 F.R.D. 515, in which the courts, though not considering questions strictly identical to the one under consideration here, nevertheless held that motions and subpoenas of the same nature were premature when made in advance of trial.

It also appears that at least in five of the not too many cases in which similar motions and subpoenas have been at issue, the sufficiency of the indictment had been already tested through motions to dismiss and these had been overruled.

In their oral argument, at the aforesaid hearing, counsel for the defendants stated that they had the right to said discovery and inspection at this time and in advance of their filing divers other motions which they have reserved the right to file, some of these to test the sufficiency of the indictment and to challenge the proceedings before the grand jury, claiming that it was mainly for this latter purpose that they had filed the present motions.

Defendants, however, concede that Rule 17(c) "is not primarily for discovery purposes". Barron on Federal Practice and Procedure, Vol. 4, Sec. 2044, pp. 133, 134 says:

"Unlike the rule in civil actions, a subpoena duces tecum in a criminal action is not intended for the purpose of discovery."

See in this connection United States v. Maryland & Virginia Milk Producers Association, D.C., 9 F.R.D. 509.

The last paragraph of Rule 17(c) reads as follows:

"The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to *the trial* or prior to the *time when* they are *to be offered in evidence* and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys." (Emphasis supplied.)

As per the Advisory Committee Notes this rule is substantially the same as Rule 45(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. which has a close relationship with Rule 34 of said Federal Rules of Civil Procedure.

Said Rule 34 of the Federal Rules of Civil Procedure, so far as pertinent here, provides as follows:

"The Court * * * may order any party to produce and permit the inspection and copying or photographing * * of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things * * * which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by

Rule 26(b) and which are in his possession, custody or control".

It is generally accepted, and defendants so concede that Rule 17(c) of the Federal Rules of Criminal Procedure has a much narrower investigatory scope than Rules 45(b) and 34 of the Federal Rules of Civil Procedure. The latter permit ample discovery while the former does not.

Nevertheless, it has been held that even under Rule 34 of the Federal Rules of Civil Procedure a party may not move for a more definite statement to test the pleadings and this must be done under Rule 12(e) of said Rules of Civil Procedure. See United States v. Griffith Amusement Co., D.C., 1 F.R.D. 229 where, at page 231, the Court said:

"Under Rule 34 provision is made for discovery, but Rule 34 *has nothing to do with the pleadings*. It is a provision to enable either party to *secure* certain *evidence* which may be *necessary* in the *trial* of the cause. Adequate preparation for trial and preparation of *a complaint, which would withstand a demurrer or a motion to dismiss, are two wholly separate and distinct proceedings*." (Emphasis supplied.)

Counsel for defendants have repeatedly stressed the fact that they need the material they are asking for in these motions under Rule 17(c) of Criminal Procedure principally to test the indictment and the proceedings before the grand jury and to file motions, later, attacking said indictment and proceedings.

Were this a civil action, they would have no standing for any such request under Rule 34 of Civil Procedure, as held in United States v. Griffith, supra. Much less can the Court yield herein to said request for said purpose under Rule 17 (c) of Criminal Procedure, which covers a much narrower field than the Rules of Civil Procedure.

Moreover, as to the proceedings before the grand jury, defendants' request appears to have still less support in the law.

See United States v. American Medical Association, D.C., 26 F.Supp. 429, 431, where defendant's motion was even supported by affidavits from one defense counsel, alleging he had been informed and believed that attorneys for the government had committed certain specified irregularities in the proceedings before the grand jury and the court nevertheless denied the same.

See also Application of Radio Corp. of America, D.C., 13 F.R.D. 167, 172, United States v. Aman, D.C., 13 F.R.D. 430–431.

I am not deciding that defendants may not be entitled to some discovery under Rule 17(c) of Criminal Procedure, after all motions attacking the indictment or seeking some other preliminary redress are filed and finally disposed of and the case is ripe for trial. Defendants have not yet exhausted that field and they have anticipated to the court that they intend to file a series of motions in that connection and have asked, and were given, plenty of time to do so.

These motions must, under the Rules, be filed jointly and not piecemeal, so that the same may be set for hearing and be argued and disposed of with the least delay, and it may be finally determined whether any or all of the counts of the indictment are good or bad and whether there is going to be any trial at all, and if so, whether defendants will have to stand trial on all the counts or only on some of them, and which would be the issues actually to be tried.

Then would come the time for defendants to invoke Rule 17(c) of Criminal Procedure and for the Court to determine if and to what extent they may be entitled to discovery and inspection.

Defendants urge that the government's claim that their motions are premature has been waived, alleging that the government is responsible for the delay in setting said motions for hearing and because it waited until the date of said hearing to raise the question. Defendants, however, expressly consent-

ed to all the continuances granted by the Court in this respect. The record shows that the Attorney General of the United States assigned two of his deputies to take charge of the representation of the government in all the proceedings in this case; that the said deputies notified defendants and this Court of their inability to be present earlier than the date on which said hearing was held, and that defendant expressly agreed to such setting, notwithstanding the fact that the Court did not feel then inclined to a continuance for so long a time. Said deputies claim that they did not become completely familiar with the record of this case until their arrival in Puerto Rico a few days before the date on which said hearing was held.

I cannot, therefore, decide that the government incurred in any waiver to raise said question at that time.

Moreover, this is a question which the court could consider, even sua sponte, before going into the merits of the motions.

The subpoenas issued by the clerk at the request of both defendants pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure are ordered quashed, without prejudice to defendants' right to invoke whatever relief they may claim to have under said rule when the case is ripe for trial as hereinabove set out.