**UNITED STATES of America,**

v.

**Michael VIGNERA, Defendant.**

**No. 69 Cr. 425.**

United States District Court
S. D. New York.

Dec. 9, 1969.

Robert M. Morgenthau, U. S. Atty.,
Southern District of New York, New
York City, for the United States; Wal-
ter M. Phillips, Jr., Asst. U. S. Atty., of
counsel.

Joshua N. Koplovitz, New York City,
for defendant.

MEMORANDUM

COOPER, District Judge.

Defendant Vignera was indicted on 2 counts of conspiracy to rob a bank, 16 counts of bank robbery and 3 counts of receiving proceeds therefrom. At trial Vignera was acquitted of all 16 counts relating to the substantive act of bank robbery. As to the remaining counts, the 2 for conspiracy and the 3 for receiving bank robbery proceeds, the jury was unable to reach a unanimous verdict. The Government now moves, prior to a second trial on these 5 counts, for an order requiring Vignera to provide a handprinting exemplar tracking the words of a note given a bank teller during the course of a robbery.

Defendant resists this motion upon five grounds.

■ 1. That despite Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), requiring him to write the "very words of the hold-up note" is violative of his Fifth Amendment rights. However, the Second Circuit, in United States v. Doe, 405 F.2d 436, 438 (1968) has specifically rejected this contention.

■ 2. That laches is a good defense. He claims that the Government seeks this exemplar on the eve of the second trial without any attempt to excuse its failure to make an earlier application. He complains that since he is "repeatedly barred" from making motions after an initial time period following arraignment has passed unless he can establish a good reason for its untimeliness, the Government should be held to a similar standard.

Defendant is not "repeatedly barred" or severely restricted in the time allowed for making motions. See Rule 12(b) (2) and (3), F.R.Crim.P. Motions more strictly limited as to time are those pursuant to Rules 7 and 16, F.R.Crim.P. Even these motions, though untimely, may still be considered. United States v. Federman, 41 F.R.D. 339 (S.D.N.Y.

1967); 8 Moore's Federal Practice ¶ 16.04.

Most importantly, the Government is here attempting to ascertain a physical characteristic of defendant. As is the case with fingerprints or height and weight, it is an item or piece of information that can properly be taken from defendant when he is in the Government's custody. This is not the type of information discoverable under either Rule 7 or 12, and procedure by way of motion is normally unnecessary. The Government brings on its request by motion at this time primarily to insure compliance. Thus, the Government's motion is not barred because of untimeliness.

■ 3. That the time of the exemplar will substantially delay the trial. He urges that pursuant to 18 U.S.C. § 3006A(e) an indigent defendant is entitled to apply for authorization to hire his own expert. The significant benefit which inures to a defendant from this section far outweighs the ineluctable delay inherent in the authorized procedure. It is well worth the slight delay which prompt compliance will entail.

■ 4. That the Government should not be permitted to take the specimen as a matter of right; it must first establish probable cause to believe that defendant may have written the note in question. It seems clear that pursuant to the indictment, valid on its face, the Government could have obtained the exemplar at the time of arraignment. The propriety of securing it still exists.

■ 5. That the Government has in its possession a specimen of defendant's handwriting—upon a fingerprint card—and must establish that this is inadequate for comparison purposes. Hand printing is what the Government requests, for the comparison is to be made with printed notes alleged to have been used during a bank robbery. The fingerprint card reflects defendant's script style only. In light of the *Doe* holding that even an exemplar tracking the very words of the bank robbery note is still a

physical characteristic, and our disposition above as to the propriety of obtaining the specimen at this time, a sufficient showing has been made to require defendant to provide the Government with the requested handprinting exemplar.

So ordered.