Homer Lee **SHELTON**, Petitioner-Appellant,

v.

George J. **BETO**, Director of Texas Department of Corrections, Respondent-Appellee.

No. 72–1125

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 16, 1972.

* Rule 18, 5 Cir.; See *Isbell Enterprises, Inc.* v. *Citizens Casualty Company of*

Homer Lee Shelton, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Howard M. Fender, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

*New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

Homer Lee Shelton, represented by court-appointed counsel, was convicted of murder with malice in a Texas court in a jury trial. The evidence was that he assaulted the woman with whom he was living, by slapping her with his hand, hitting her with his fist, throwing and dropping her body against a door and against the floor, causing her death. His sentence to life imprisonment was affirmed on direct appeal. Shelton v. State, Tex.Crim.App.1969, 441 S.W.2d 536. His available state remedies appear to have been exhausted by his direct appeal and by his application for habeas corpus relief to his sentencing court as authorized by Art. 11.07, Vernon's Ann.Tex.C.Cr.P., relief being denied both by the trial court and the Texas Court of Criminal Appeals.

His petition for habeas corpus to the District Court for the Northern District of Texas was denied without evidentiary hearing, with written reasons assigned, on December 13, 1971,[1] and this appeal followed. We affirm the district court.

Two of appellant's contentions were adequately disposed of by his direct appeal, Shelton v. State, supra. The first of these involved simply a question of state procedural law, whether it was constitutional error for the jury to select a different foreman for the penalty phase of the trial than the foreman who had served as foreman for the determination of guilt phase of the trial. It was also held on direct appeal that the trial court did not commit error in overruling a motion for continuance based on the absence of a witness. The state appellate court denied relief in this respect because Shelton filed "no affidavit from the missing witness to show what [her] testimony would have been".

In his federal habeas petition the appellant alleged only that the testimony of the missing witness "would have shown the mind of the defendant", but has not alleged that the witness was on the premises at the time of the homicide, nor that his mental condition was in controversy at the trial. This contention therefore fails to raise a question of federal constitutional proportions.

The final contention below was that the state trial court committed error by not providing Shelton's counsel with a personal copy of the trial transcript so as to permit a better search for errors to present on the direct appeal. As to this matter, the state trial judge in denying habeas relief found that no defense request had been made for the copy of the transcript nor had any affidavit of inability to pay therefor been filed, and further that the appellant failed to allege any harm ensuing from the procedure followed. The Magistrate's memorandum to the federal habeas court noted that "Petitioner's attorney used the complete record on file with the state District Clerk in proceeding with his appeal from his conviction". Appellant's counsel was certainly the best judge of whether he needed a separate copy of the transcript, and his failure to ask for it does not constitute a ground for federal habeas relief to his client. See a recent holding of the Tenth Circuit in a case indistinguishable on its facts, United States v. Hughes, 10 Cir. 1970, 429 F.2d 1293. See further, Wade v. Wilson, 1970, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470.

The judgment appealed from is

Affirmed

---

1. The district court referred the cause to a United States Magistrate under the provisions of Title 28, U.S.C., Section 636(b). The Magistrate made written findings and conclusions and recommended denial of the petition. His findings and conclusions were adopted by the district court and order of dismissal was entered.