**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Willie SANDERS, Defendant-
Appellant.**

**No. 72–3608**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 6, 1973.

Clayte Binion, III, Fort Worth, Tex., court-appointed, for defendant-appellant.

Frank D. McCown, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

The sole question in this appeal is whether Appellant's Fourth and Sixth Amendment rights were violated by admission into evidence against him a palmprint taken while he was legally in the custody of law enforcement officers

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

on another matter, but after he had requested counsel before further questioning on this matter. We think not and therefore affirm the lower court's decision.

■ The record reveals, and Appellant admits, that he was legally in the custody of law enforcement officials stemming from arrest on another unrelated matter. It is undisputed, then, that the custodial officers were well within their authority, and not without Appellant's rights, to require that he submit to fingerprinting independent of the presence or absence of warnings to accused of his rights to counsel and to remain silent. United States v. Gibson, 5 Cir., 1971, 444 F.2d 275. Neither can it be argued that the Fourth Amendment erected any obstacle to the taking Appellant's fingerprint exemplars under the facts present here. The obtaining of physical evidence from a person involved a potential Fourth Amendment violation at two different levels—the "seizure" of the "person" necessary to bring him into contact with government agents and the subsequent search for and seizure of the evidence. United States v. Dionisio, 1973, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed. 67. Here the fact Appellant was legally under arrest at the time his palmprint exemplar was taken removes the first level of potential Fourth Amendment infringement. As for the second level, the Supreme Court noted in Davis v. Mississippi, 1969, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676, that while the seizure of the person is clearly subject to Fourth Amendment "reasonableness", the taking of physical evidence in the nature of fingerprinting, or as here palmprints, "involves none of the probing into an individual's private life and thoughts that marks an interrogation or search."

Appellant, upon being apprised of his constitutional rights, properly invoked his Sixth Amendment right to have counsel present before further questioning.

*Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New

The record shows that the interrogation ceased at that point. The taking of Appellant's palmprints in the absence of counsel did not violate his constitutional rights. We have written that "the taking of the fingerprints exemplar is not such a critical stage of the criminal proceedings as would entitle appellant to the assistance of counsel." Pearson v. United States, 5 Cir., 1968, 389 F.2d 684, 686. Furthermore, we think the present appeal analogous to one heard by the D.C. Circuit where they wrote that "[N]ot only is the taking of the exemplars not a critical stage of the proceedings entitling an accused to the assistance of counsel, but appellant has pointed to no function counsel could perform, were he present, save the futile advice not to give the sample." Lewis v. United States, 1967, 127 U.S.App.D.C. 269, 382 F.2d 817, 819.

The trial court did not err in admitting into evidence Appellant's palmprint. There it ends.

Affirmed.