Stanley S. X. WARD, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 73-2049

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 1973.

Stanley S. X. Ward, pro se.

John W. Stokes, Jr., U. S. Atty., P. Bruce Kirwan, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from a denial of a § 2255 motion to vacate judgment of conviction under 18 U.S.C.A. § 1792 for conveying within a United States penitentiary a destructive device designed to kill. United States v. Matthews, 5 Cir., 1972, 460 F.2d 275.

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

The District Court properly concluded that appellant waived his right to challenge the racial composition of the grand jury which indicted him in accordance with F.R.Civ.P. 12(b) by failing to raise the issue by motion before trial. See, Jury Selection and Service Act of 1968, 28 U.S.C.A. § 1867. The District Court also properly determined that appellant was not entitled to relief based on his allegations that blacks were excluded from the petit jury which convicted him since appellant failed to set forth specific facts in support of these conclusory claims. See Aeby v. United States, 5 Cir., 1969, 409 F.2d 1.

Nor is there merit in appellant's contention that he was denied his right to compulsory process and hence a fair trial because he was segregated from other prisoners for six months preceding the trial. As the District Court found, the crime with which appellant was charged and convicted bears ample witness to the fact that prison officials could reasonably conclude that appellant presented a "security" risk to the prison and had to be separated from other prisoners. The very fact that eight of the nine witnesses called by appellant during the trial were his fellow prisoners belies the merit of this claim. Furthermore, appellant was not denied Fourth, Fifth, or Sixth Amendment rights because his fingerprints were taken in the absence of counsel, in view of the fact that there was probable cause for his arrest. United States v. Sanders, 5 Cir., 1973, 477 F.2d 112; United States v. Love, 5 Cir., 1973, 482 F.2d 213.

The District Court was also correct in concluding that on the record appellant's appointed counsel was not ineffective in presenting appellant's defense at trial. The District Court did determine, however, that counsel failed to advise appellant of his right to seek certiorari in the Supreme Court of the Fifth Circuit's affirmance of his conviction, in violation of Local Rule 7(III)(4). In order to remedy this failure the Court recalls the mandate in our affirmance of appellant's direct criminal appeal and issues a new mandate reaffirming the conviction. Lacaze v. United States, 5 Cir., 1972, 457 F.2d 1075, cert. denied, 1972, 409 U.S. 921, 93 S.Ct. 251, 34 L. Ed.2d 180; Savage v. United States, 5 Cir., 1973, 483 F.2d 67. Appellant is advised of his renewed right to petition the Supreme Court for certiorari to review this Court's affirmance of his direct criminal appeal.

The order denying appellant's motion to vacate his sentence is affirmed. The original judgment of this Court on direct appeal is vacated and a new judgment is entered reaffirming the judgment of conviction.

Affirmed.