**John Larry RAY, Petitioner,**
**v.**
**UNITED STATES of America,**
**Respondent.**
**No. 73 C 721 (4).**

United States District Court,
E. D. Missouri, E. D.
March 1, 1974.

John Larry Ray, Pro Se.

Donald J. Stohr, U. S. Atty., Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM AND ORDER

NANGLE, District Judge.

John Larry Ray has moved *pro se* to set aside, vacate and dismiss his conviction in Criminal Action No. 70 CR 271(3). In that action this Court imposed a sentence of eighteen years imprisonment. The conviction was affirmed on appeal. United States v. Goldenstein, 456 F.2d 1006 (8th Cir. 1972). The Court will consider the instant motion as one to vacate, set aside or correct the sentence imposed, pursuant to 28 U.S.C. § 2255.

In the original motion Ray stated as the basis for the relief he seeks, generally, that he received ineffective assistance of counsel. He alleged specifically that his appointed appellate counsel failed to file a petition for a writ of certiorari in the United States Supreme Court. In a letter dated December 29, 1973, written by the movant to the Court, movant sets out two more specific factual allegations in support of his claim of ineffective assistance of counsel. These two allegations are as follows:

(1) Petitioner (sic) counsel (after discussion about additional money) fail[ed] to file a motion to suppress the evidence from a search of an alleg[ed] getaway car, and the introduction of evidence from this search was an essential element of the trial, and this evidence was a violation of petitioner['s] fourth amendment rights. The government claim[s] [that] ownership of this car belong[ed] to petitioner.

(2) Petitioner['s] counsel fail[ed] to file a motion for a hearing to establish standing in the fourth amendment violation of co-defendant Goldenstein['s] search, but instead advise[d] petitioner that if the above could be held that the evidence (money) was to be inadmissable against co-defendant, the court also would rule that the evidence would be inadmissable against petitioner.

The Court will order the petitioner's letter filed as an amended petition.

The Court is of the opinion that both the original petition filed in this action and the letter amendment thereto must be dismissed and relief denied.

■ The Court has examined the December 4, 1973 letter of Michael C. Schade, an assistant to the Clerk of the Supreme Court of the United States, to the assistant United States Attorney filed in this action. That letter indicates, and the Court finds, that a petition for a writ of certiorari was never filed on petitioner's behalf in the Supreme Court. However, such failure is not a basis for attacking the conviction and sentence imposed in this action. Rather, petitioner might apply to the Court of Appeals for recall and reissuance of its mandate affirming petitioner's conviction. *See,* Ward v. United States, 486 F.2d 305 (5th Cir. 1973).

■ Next, the Court has examined the trial transcript in Criminal Action No. 70 CR 271(3) and concludes that petitioner's trial counsel did not render inadequate assistance of counsel by not objecting to evidence seized from the so-called getaway car. The seizure was made after the automobile had been abandoned in a ditch on a rural road.

■ Finally, the failure of defense counsel to establish petitioner's standing to object to the seizure of the currency from co-defendant Goldenstein's hotel room did not result in prejudice to petitioner since the Court of Appeals ruled that this evidence was properly introduced in evidence against petitioner Ray. 456 F.2d 1012–1013.

In consequence,

It is hereby ordered that this action be and is dismissed.

Conboy, Hewitt, O'Brien & Boardman, New York City, for the Judgment Creditor (Grace Canadian Securities, Inc.)