UNITED STATES of America, Plaintiff,

v.

GENERAL DEPARTMENT OF INTERNATIONAL AIR SERVICES (AEROFLOT SOVIET AIRLINES), Defendant.

No. 76 CR 477.

United States District Court,
E. D. New York.

July 30, 1976.

---

David G. Trager, U. S. Atty., E. D. N. Y., Brookyn, N. Y., for U. S., by Ronald E. DePetris, Asst. U. S. Atty., Brooklyn, N. Y.

Wolf, Popper, Ross, Wolf & Jones, New York City, for defendant Aeroflot Soviet Airlines, by Martin Popper, New York City.

BRAMWELL, District Judge.

The United States Attorney for the Eastern District of New York has moved pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure for pre-trial production by Aeroflot Soviet Airlines of "all books, records, and documents relating to Aeroflot Soviet Airlines Paris-Washington Flight SU–317 on October 25, 1974 and November 1, 1974, including but not limited to the documents set forth on Schedule A attached hereto." [1]

This Court is not satisfied that the Government has made a sufficient showing of "good cause" to warrant pre-trial production and inspection at this time. *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952); *U. S. v. Fassler*, 46 F.R.D. 43, 45 (S.D.N.Y.1968). Moreover, Rule 17(c) was *not* intended to provide an additional means of discovery. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879 (1951); *In Re Magnus, Mabee & Reynard, Inc.,* 311 F.2d 12 (2d Cir. 1962), *cert. denied,* 373 U.S. 902, 83 S.Ct. 1289, 10 L.Ed.2d 198 (1963); *United States v. Murray*, 297 F.2d 812 (2d Cir.), *cert. denied,* 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794 (1962).

Finally, it is well recognized that "a motion of this nature should not be made or entertained before preliminary motions (e. g. addressed to the indictment) have been disposed of." 8 Moore's Federal Practice, Par. 17.07, (1975 ed.). *See also United States v. Long*, 15 F.R.D. 25 (D.C.P.R.1953). Since this Court has before it the defendant's outstanding motion to dismiss the instant indictment, returnable September 23, 1976, the foregoing principle is clearly applicable.

Accordingly, for all of the aforementioned reasons, the Government's motion is denied at present, without prejudice, and with leave to renew.

It is

SO ORDERED.

1. "Schedule A" provides for:

SCHEDULE A

(1) Passenger manifests;
(2) auditors' coupons for each passenger;
(3) records of payment for each passenger;
(4) confirmation records for each passenger;
(5) records of payment for all commissions paid or other transfers of money between Aeroflot and any travel agent or organization in connection with said flights and
(6) all contracts, agreements, correspondence, and internal memoranda of any oral conversations or meetings between Aeroflot and any travel agent or organization relating to said flights.