UNITED STATES of America, Plaintiff-Appellee,

v.

Stanley WARD, Defendant-Appellant.

No. 79–2623
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 23, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Stanley Ward, pro se.

Julie E. Carnes, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

This *pro se* § 2255 motion represents the second time the Appellant Ward has sought post conviction relief from his 1971 conviction in the Northern District of Georgia for conveying within the Atlanta penitentiary a destructive device designed to kill, in violation of 18 U.S.C. § 1792.[1]

The first § 2255 motion raised the issues of racial composition of the grand and petit juries involved in Ward's prosecution and trial. With respect to the grand jury question, the District Court's denial of relief was based on Ward's failure to raise the issue by a motion before trial in accordance with F.R.Civ.P. 12(b). Ward's challenge to the petit jury was denied because he did not allege specific facts to support his conclusory allegations. This ruling was affirmed in *Ward v. United States*, 1973, 5 Cir., 486 F.2d 305, *cert. denied*, 1974, 416 U.S. 990, 94 S.Ct. 2398, 40 L.Ed.2d 768.

In the present motion, Ward again challenges the racial composition of the jury that tried him. However, his specific allegations are only that he was tried by an all-white jury, that 50 percent of the community from which the jury was selected was white, and that only two black persons were among the veniremen. He does not contend that the jury selection process was improper. Nor does he assert any facts from which this could be deduced. Therefore, we find the reasoning in our affirmance of Ward's prior § 2255 motion controlling on this issue.

Ward also contends he was inadequately represented because his appointed counsel did not challenge the jury before trial began. However, the jury selection process used in the Northern District of Georgia at that time has been held, on several occasions, to be constitutional and to comply with the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 et seq. *United States v. Roberts*, 5 Cir., 546 F.2d 596, *cert. denied*, 1977, 431 U.S. 968, 97 S.Ct. 2927, 53 L.Ed.2d 1064; *United States v. Dangler*, 1971, 5 Cir., 422 F.2d 344; *Camp v. United States*, 5 Cir., 413 F.2d 419, *cert. denied*, 1969, 396 U.S. 968, 90 S.Ct. 451, 24 L.Ed.2d 434; *Simmons v. United States*, 1969, 5 Cir., 406 F.2d 456. Therefore, Ward's counsel was not ineffective in failing to challenge the jury selection process.

We also find meritless the rest of Ward's assertions of inadequate representation: Counsel's failure to follow Ward's advice in the conduct of trial, in particular, to call an expert witness on the issue of fingerprint identification. See *United States v. Daniels*, 1978, 5 Cir., 572 F.2d 535, 540. Counsel's failure to submit to Ward a proposed copy of his appellate brief. See *Hooks v. Roberts*, 1973, 5 Cir., 480 F.2d 1196, 1196–97, *cert. denied*, 1974, 414 U.S. 1163, 94 S.Ct. 926, 39 L.Ed.2d 116. Counsel's failure to obtain a trial transcript for Ward's personal use on appeal. See *Shelton v. Beto*, 5 Cir., 460 F.2d 1234, *cert. denied sub nom., Shelton v. Estelle*, 1972, 409 U.S. 985, 93 S.Ct. 336, 34 L.Ed.2d 250.

AFFIRMED.

---

1. The conviction was affirmed *sub nom. United States v. Matthews*, 1972, 5 Cir., 460 F.2d 275, *cert. denied, Ward v. United States*, 1974, 416 U.S. 990, 94 S.Ct. 2398, 40 L.Ed.2d 768.