UNITED STATES of America, Plaintiff,

v.

Leon Jairo VANEGAS, et al.,
Defendants.

Crim. No. 85–430.

United States District Court,
D. New Jersey.

Oct. 28, 1986.

Thomas W. Greelish, U.S. Atty. by Eric Tunis, Asst. U.S. Atty., Newark, N.J., for plaintiff.

Frank Lopez, Brooklyn, N.Y., for defendant Leon Jairo Vanegas.

Charles Blumenstein, Green & Lundgren, Haddonfield, N.J., for defendant Nelson Arias.

Carlos Morcate, Camden, N.J., for defendant Ivan Bernabe.

Saul J. Steinberg, Voorhees, N.J., for defendant Jose Jairo Echeverri.

Arthur Mass, New York City, for defendant Luis Cuevas.

Joel Reinfeld, Hackensack, N.J., for defendant Juan Muriel.

M.W. Pinsky, Westmont, N.J., for defendant Ovidio Ramirez.

Michael Maloney, New York City, for defendant Mario Zuluaga.

RODRIGUEZ, District Judge.

This matter is before the Court on the government's motion to compel the production of handwriting exemplars from eight defendants pursuant to Rule 17(c) of the *Federal Rules of Criminal Procedure.* Of these eight defendants from whom exemplars are sought, only two, Luis Cuevas and Juan Muriel, have filed objections to this motion to compel.[1] Defendant Juan

Muriel objects to the government's application on the ground that it is untimely and if granted will necessitate expert's reports which will in turn delay the start of the trial. Defendant Luis Cuevas objects on the ground that neither Rule 16 nor Rule 17(c) of the *Federal Rules of Criminal Procedure* authorizes the broad "trial preparation" discovery sought in this case. According to Cuevas, Rule 17(c) is not to be turned into a broad discovery device, undercutting the strict limitation of discovery in criminal cases found in Rule 16. *United States v. Cuthbertson,* 630 F.2d 139, 147 (3d Cir.), *cert. denied,* 454 U.S. 1056, 102 S.Ct. 604, 70 L.Ed.2d 594 (1980). Under Rule 16, the government's ability to discover material in the defendant's possession is defense-triggered and reciprocal. In other words, if the defendant requests and receives documents and tangible objects from the government, the government may receive documents and tangible objects from the defendant which the defendant intends to use in his case. Defendant asserts he has no intention of using his handwriting samples at trial, and therefore, the government cannot use Rule 16 to discover them. Defendant Cuevas also asserts that such a motion should not be entertained at all until preliminary motions, such as his motion to dismiss the indictment, have been disposed of. *United States v. General Department of International Air Services,* 420 F.Supp. 98 (E.D.N.Y.1976). Finally, defendant contends that should this Court decide that Rule 17(c) may be used to obtain handwriting exemplars for use at trial, the government's request should be denied in this case where the government has failed to make the requisite showing to compel production pretrial. *United States v. Nixon,* 418 U.S. 683, 699–700, 94 S.Ct. 3090, 3103, 41 L.Ed.2d 1039 (1974).

According to the government, the use of Rule 17(c) to compel production of physical non-testimonial evidence such as handwrit-

---

1. Leon Jairo Vanegas and Mario Zuluaga have agreed to provide exemplars. Defendants Nelson Arias, Ivan Bernabe, Jairo Echeverri and Ovidio Ramirez have not filed opposition to the government's motion, and therefore, are assumed to consent to the production of handwriting exemplars.

ing exemplars subsequent to the filing of an indictment but prior to trial is supported by case law. *See, e.g., United States v. Wood,* 544 F.2d 242, 263 (6th Cir.1976), *cert. denied,* 429 U.S. 1062, 97 S.Ct. 787, 50 L.Ed.2d 778 (1977); *United States v. Franks,* 511 F.2d 25, 32 (6th Cir.1975); *United States v. Izzi,* 427 F.2d 293 (2d Cir.1970). For the reasons set forth below, this Court will grant the government's request for an order compelling the production of handwriting exemplars.[2]

## DISCUSSION

■■■ This Court notes at the outset that a defendant's handwriting exemplars are not protected from compelled production by any constitutional principles. Handwriting exemplars are simply identifying physical characteristics, like the voice and body itself, and are non-testimonial in nature. *United States v. Euge,* 444 U.S. 707, 100 S.Ct. 874, 63 L.Ed.2d 141 (1980); *United States v. Mara,* 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973) (compulsion of handwriting exemplars is neither a search nor a seizure entitled to Fourth Amendment protection); *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) (compulsion of handwriting exemplars which are non-testimonial in nature does not violate the Fifth Amendment's prohibition against self-incrimination). Courts have consistently compelled production of physical evidence such as handwriting exemplars post-indictment and pretrial upon the government's request without reference to any precise procedural mechanism for their production. *See, e.g., United States v. Sanders,* 477 F.2d 112 (5th Cir.1973) (government can obtain physical evidence such as fingerprints when defendant is properly in custo-

dy); *United States v. Franks, supra,* 511 F.2d at 32 (government can obtain voiceprints from defendant seven months after arrest); *United States v. Fine,* 413 F.Supp. 740 (W.D.Wisc.1976) (government's pretrial motion to compel voice exemplars granted as compelled display of a physical characteristic violates no protected interest); *United States v. Vignera,* 307 F.Supp. 136, 137 (S.D.N.Y.1969) (court grants government's pretrial motion to compel disclosure of handwriting exemplars, noting that motion is generally unnecessary, where such exemplars are simply a physical characteristic which could be taken from defendant while in custody, and therefore, could still be taken prior to retrial). However, in the instant case, the government has specifically moved for production pursuant to Rule 17(c).[3] The Court, therefore, will focus its analysis on the defendant's objections to disclosure under this rule.

■■■ Rule 17(c) provides for the use of subpoenas in criminal cases to obtain documentary evidence as follows:

A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit [them] to be inspected by the parties and their attorneys.

A subpoena may be issued for the production of documentary evidence and "ob-

---

**2.** The Court will treat the government's motion for an order compelling the production of exemplars pretrial as a motion to insure compliance with the Rule 17(c) subpoena at such time as that subpoena issues. It will treat the opposition of defendants Cuevas and Muriel as motions to quash that subpoena.

**3.** As noted by former Chief Judge Forman of this Court, the history of judicial construction of Rule 17(c) is mainly a history of application by

defendants to compel production of documents by the government, however, Rule 17(c) can be invoked by the United States as well as by defendants. *United States v. Eli Lilly & Co.,* 24 F.R.D. 285, 287–88 (D.N.J.1959); 2 Wright, *Federal Practice and Procedure: Criminal 2d,* § 274 (1982) (government may use rule, subject to such limitations as are imposed by the Fourth and Fifth Amendments).

jects", such as handwriting exemplars, without also calling for testimony. *United States v. McKeon*, 558 F.Supp. 1243 (E.D. N.Y.1983); 2 Wright, *Federal Practice and Procedure: Criminal 2d*, § 274 (1982); *see also United States v. Buchanan*, 585 F.2d 100 (5th Cir.1978) (handwriting exemplars considered "tangible objects" under Rule 16).

■ The Supreme Court has held that Rule 17(c) is not meant to provide an additional means of discovery beyond that provided in Rule 16. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220–21, 71 S.Ct. 675, 678–79, 95 L.Ed. 879 (1951). The Supreme Court, however, then went on in *Bowman* to hold that "any document or other materials, admissible as evidence … is subject to subpoena." *Id.*, at 221, 71 S.Ct. at 679. In other words, the test for whether material is subject to subpoena for trial under Rule 17(c) is whether the subpoena constitutes a "good faith effort to obtain *identified evidence* rather than a general 'fishing expedition' that attempts to use the rule as a discovery device." *Cuthbertson, supra*, 630 F.2d at 144 (emphasis added).

In this case, the government has averred that it has in its possession documentary evidence in the form of "books and records believed to detail various drug transactions involving many of the defendants in this case" and "rental agreements for houses believed to have been used by certain defendants to store drugs." [Affidavit of Eric Tunis, A.U.S..A, at ¶ 2]. The government further avers that the handwriting exemplars of these eight out of twenty-five defendants are necessary to determine "the persons who made entries into the above

books end [sic] records" and "the parties to the above rental agreements", as this evidence may "provide direct proof linking some or all of the defendants to these drug records and stash houses." [Tunis affidavit, at ¶ 3].

■ This Court finds that the handwriting exemplars sought in this case are identified evidentiary materials that the government may use at trial and are subject to production under Rule 17(c). *Cuthbertson, supra*, 630 F.2d at 144. Here the actual potentially incriminating evidence—the records and agreements—is already in the government's possession. The government is simply requesting handwriting samples from eight out of twenty-five defendants who it has reason to believe may have made the records or executed the agreements in order to conduct a comparison pretrial. This does not constitute the sort of general "fishing expedition" prohibited by the Supreme Court in *Bowman*.[4]

■ Rule 16 allows a moving party to "discover" information about his adversary's case. Rule 17(c) is a device solely for the obtaining of evidence for the use of the moving party at trial, and which may permit him to examine the material obtained before trial only when, in the discretion of the court, it is necessary that he do so in order to make use of the material as evidence. *United States v. Murray*, 297 F.2d 812 (2d Cir.), *cert. denied*, 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794 (1962); *see also, United States v. Jannuzzio*, 22 F.R.D. 223, 228 (D.Del.1958) (the purpose of subpoena duces tecum is to enable a party to obtain evidence at the trial to use in support of his case, not to pry into the case of his adversary).

---

4. This Court expresses some doubt whether a defendant's handwriting exemplar is ever the type of evidence subject to the limitations imposed by Rules 16 and 17(c). As the Supreme Court has stated: ' "[T]he prohibition of compelling a man in a criminal court to be witness against himself is a prohibition of the use of physical and moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material. The objection in principle would forbid a jury to look at a prisoner and compare his features with a photograph in proof." ' *Schmerber v. California*, 384 U.S. 757, 763, 86 S.Ct. 1826, 1831, 16 L.Ed.2d 908 (1966), quoting Mr. Justice Holmes in *Holt v. United States*, 218 U.S. 245, 252–53, 31 S.Ct. 2, 6, 54 L.Ed. 1021 (1910). Compelling a defendant to give a handwriting sample, fingerprints or a blood sample or to speak is simply compelling him to reveal an identifiable physical characteristic which he reveals in everyday life, not compelling him to be a witness against himself. *Id.*, at 762–65, 86 S.Ct. at 1831–32.

In fact, the Supreme Court in *Bowman* articulated the difference between Rules 16 and 17(c) as follows:

> Rule 16 provides the only way the defendant can reach such materials [in the government's possession] so as to inform himself.
>
> But if such materials are not put in evidence by the Government, the defendant may subpoena them under Rule 17(c) and use them himself. It would be strange indeed if the defendant discovered some evidence by the use of Rule 16 which the Government was not going to introduce and yet could not require its production by Rule 17(c). There may be documents and other materials in the possession of the Government not subject to Rule 16. No good reason appears to us why they may not be reached by subpoena under Rule 17(c) as long as they are evidentiary. That is not to say that the materials subpoened must actually be used in evidence. It is only required that a good-faith effort be made to obtain evidence.

*Bowman, supra,* 341 U.S. at 219, 71 S.Ct. at 678. *Bowman* involved a defendant attempting to subpoena information in the possession of the government. The same principles apply where the moving party is the government.

The handwriting samples sought here are evidentiary in nature and are sought by the government "for use at the trial of this matter." [Tunis Affidavit, at ¶ 1]. The government seeks these exemplars, not for the purpose of pretrial discovery, but for use both before and at trial. *United States v. McKeon, supra,* 558 F.Supp. at 1244. If the exemplars prove positive, they will constitute proof of defendants' participation in the drug conspiracy charged in the indictment by establishing who recorded various drug transactions and who rented the various houses used to store the drugs. The exemplars are relevant evidentiary materials subject to subpoena under Rule 17(c).

■ The Court turns now to the question whether the exemplars can be produced pretrial. In order for this Court to grant the government's request for production of these exemplars pretrial, the government must show:

(1) that the exemplars are relevant and evidentiary;

(2) that the exemplars are not otherwise procurable reasonably in advance of trial;

(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that failure to obtain such inspection may unreasonably delay the trial; and

(4) that the application is made in good faith and is not intended as a general fishing expedition.

*United States v. Nixon, supra,* 418 U.S. at 699–700, 94 S.Ct. at 3103.

■ First, as has already been discussed, the handwriting exemplars are relevant to the drug charges against defendants and are evidentiary. Second, it is obvious that these handwriting samples cannot be otherwise procured. Third, the government represents that it "seeks early production of the exemplars precisely because it wishes to avoid disruption of the trial." [Government's letter brief, at 3]. To actually use the exemplars in evidence, it first will be necessary to conduct handwriting comparisons and to obtain expert's reports. This requires pretrial production and inspection. Finally, this Court finds that the government's application is made in good faith and is not intended as a general fishing expedition. The government avers that it seeks these exemplars for use at the trial of this matter. [Tunis affidavit, at ¶ 1]. It sets forth the exact documentary evidence against which it plans to compare the handwriting samples and it seeks such samples from a limited number of defendants—only eight out of twenty-five. The government is entitled to pretrial production and inspection of these handwriting exemplars.

This Court is persuaded in its analysis by the decision of the District Court in the Eastern District of New York in a factually

similar case, *United States v. McKeon*, 558 F.Supp. 1243 (E.D.N.Y.1983). In that case, in preparation for the retrial of a defendant on various gun charges, the government sought pursuant to Rule 17(c) the pretrial production of handwriting exemplars from defendant's wife to be used as a standard for comparison in order to determine if she were the author of certain writings. If so, the government claimed this would constitute proof to refute her husband's defense of lack of knowledge and/or would establish her as a co-conspirator. As here, the defendant sought to quash the subpoena on the grounds that Rule 17(c) was never intended to provide a means of discovery for criminal cases and that the government had made an insufficient showing for pretrial production. The Court concluded "in view of the relevance and materiality of the matter sought, the Government's application is clearly made in good faith, [and] is not part of a general fishing expedition." *Id.*, at 1245.[5]

■ As the government contends, there is ample support in the case law authorizing compulsion of handwriting exemplars from defendants post-indictment and pretrial. *See, e.g., United States v. Wood, supra,* 544 F.2d at 263. (Sixth Circuit upheld a trial court's order requiring defendants to provide voiceprints); *United States v. Franks, supra,* 511 F.2d at 32 (the right of the government to obtain voiceprints in the post-indictment phase of a criminal proceeding, seven months after arrest, was recognized); *United States v. Lincoln, supra,* 494 F.2d 833 (Court upheld the government's right to obtain handwriting exemplars one week prior to trial); *see also, United States v. Izzi, supra,* 427 F.2d 293 (Court of Appeals upheld trial court's order compelling handwriting exemplars);

*United States v. Fine, supra,* 413 F.Supp. at 740 (pretrial motion for compulsion of voice exemplars granted); *United States v. Hayes,* 388 F.Supp. 470, 475–76 (W.D.Pa. 1975) (motion under Rule 17(c) for production of documents containing handwriting exemplars granted after court-ordered exemplars proved unsatisfactory); *United States v. Vignera, supra,* 307 F.Supp. at 137 (government entitled to handwriting exemplars prior to retrial). These cases also dispose of defendant Muriel's objection that the request for exemplars is made too late. Sufficient time remains before trial to permit defendants to obtain expert analysis of the exemplars and documentary evidence.

■ The Court turns now to defendant Cuevas's final two objections. First, defendant contends that this motion for pretrial production is premature where "preliminary motions (e.g. addressed to the indictment) have [not] been disposed of." *United States v. General Department of International Air Services, supra,* 420 F.Supp. at 99. Where, as here, this Court is faced with a complex, multi-defendant case and must dispose of preliminary motions made by twenty-five defendants and must comply with the strict requirements of the Speedy Trial Act—the date of trial fast approaching—this Court will not hold that a motion to compel handwriting exemplars is premature. Where, as here, these samples must be examined pretrial by all parties, and this may take some time, the Court will order their production now. Second, defendant Cuevas asserts that Rule 17(c) does not apply to criminal defendants at all, but rather applies only to third parties. Defendant concedes, however, that the rule does not explicitly state so and defendant cites no case law in sup-

---

**5.** Defendant Cuevas relies on *United States v. Walters,* 558 F.Supp. 726 (D.Md.1980) to support his position that Rule 17(c) cannot be used to compel production of handwriting samples. *Walters,* however, lends support to this Court's conclusion, rather than undercutting it as defendant suggests. In *Walters,* the government sought pretrial inspection of telephone records of a defendant's mother and former employer. The Court denied the request because these records were not sought as evidence for trial, but rather, as admitted by the government, were sought to help law enforcement officials locate and apprehend the defendant. *Id.*, at 728.

port of his position. The Court finds this argument to be without merit.

In conclusion, the government's motion to compel handwriting exemplars pretrial from the eight named defendants is granted. The Court will sign an Order reflecting the terms of this opinion and compelling compliance with the government's sub-poena at such time as the form of subpoena is submitted for this Court's approval.[6]

6. Defendant Cuevas also asks that "should the Court decide to authorize the government to issue such a subpoena, we would request the Court to deem our opposition a motion to intervene as a third-party [as to the seven other defendants], thereby permitting an immediate appeal under 28 U.S.C. § 1291. See *In re Grand Jury* (*Schmidt*), 619 F.2d 1022 (3d Cir.1980)." This Court does not find the case cited relevant to the facts before it. The Court will not grant such a request without further explanation of and legal justification for this request by defendant and a response from the government.